Thomas E. ROLSTON, Plaintiff–
Appellant,

v.

Michael J. ASTRUE, Commissioner of
the Social Security Administration,
Defendant–Appellee.

No. 07–15182.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 23, 2008.

Filed Nov. 5, 2008.

R. Linda Cosme, Cosme Law Offices,
PLLC., Phoenix, AZ, for Plaintiff–Appel-
lant.

Jaime Luna Preciado, Esquire, Special Assistant U.S., Social Security Administration, San Francisco, CA, Sarah Lynn Ryan, Esquire, Assistant Regional Counsel, SSA - Social Security Administration Office of the General Counsel, for Defendant–Appellee.

Before: WALLACE, THOMAS, and GRABER, Circuit Judges.

### MEMORANDUM *

Claimant Thomas E. Rolston appeals the district court's order affirming a denial of disability benefits under the Social Security Act, 42 U.S.C. §§ 401–434. On de novo review, *Reddick v. Chater,* 157 F.3d 715, 720 (9th Cir.1998), we affirm.

■ 1. Substantial evidence supported the administrative law judge's ("ALJ") finding that Claimant had attained "medical improvement" after October 30, 2003. *See* 20 C.F.R. § 404.1594(b)(1) (defining "medical improvement"); *Reddick,* 157 F.3d at 720 (holding that an ALJ's decision must be supported by substantial evidence). For example, the ALJ noted that Claimant's medical records and activities following surgery in September 2003 showed a marked improvement in Claimant's medical condition.[1]

■ 2. The ALJ gave "specific and legitimate reasons," *Lester v. Chater,* 81 F.3d 821, 830 (9th Cir.1995), for rejecting the opinion of Claimant's treating physician, Dr. Geller, that Claimant could not sit for at least two hours in a workday, in favor of other physicians' contrary assessments. The ALJ correctly observed that Claimant's last visit with Dr. Geller was *before* the date of medical improvement. The ALJ properly reasoned that Dr. Geller's opinion concerning Claimant's abilities *after* that date was therefore "not probative." The ALJ also observed that Claimant's activities after the date of medical improvement undermined Dr. Geller's assessment.

■ 3. The ALJ gave "specific, clear and convincing reasons," *Thomas v. Barnhart,* 278 F.3d 947, 959 (9th Cir.2002), for rejecting part of Claimant's testimony as not credible. The ALJ permissibly found that Claimant's testimony conflicted with many of his reported activities during the relevant time period. *See, e.g., Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595, 600 (9th Cir. 1999) (holding that a conflict between a claimant's testimony and his or her daily activities can support an adverse credibility finding).

■ 4. Because the ALJ did not err in rejecting Claimant's testimony and Dr. Geller's opinion, the ALJ's hypothetical to the vocational expert was not erroneous.

5. Because substantial evidence supports the ALJ's finding of medical improvement, we do not reach Claimant's arguments that the ALJ erred in ruling that he engaged in "substantial gainful activity" from November 15, 2003, to February 9, 2004, or that he was entitled to a

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. In his opening brief, Claimant included one paragraph in the "summary of the argument" section asserting that the ALJ arbitrarily chose the date of medical improvement. Claimant did not elaborate on that assertion elsewhere in his opening brief before us. In any event, he did not raise the issue before the district court, and we therefore deem the argument waived. *See O'Guinn v. Lovelock Corr. Ctr.,* 502 F.3d 1056, 1063 n. 3 (9th Cir.2007) ("Because these arguments were not raised before the district court, they are waived.").

trial work period during that same time period.

**AFFIRMED.**